Richardson, J.,
delivered the opinion of the court:
The only question of law arising upon the findings in this case is, which of two collectors of internal revenue is entitled to commissions on one-half the tax collected on manufactured tobacco removed and transported without the payment of tax from the manufactories in one district to export bonded warehouses in another district, and withdrawn for consumption or sale upon payment of the taxes thereon to the collector of the latter district, as the law stood after the Act July 20,1868, and before the passage of the Act June 6,1872; there being no controversy as to who was entitled to commissions on the other half, which were allowed to the collector in the warehouse district.
By the Act June 30, 1864, (13 Stat. L., 245, 263, §§ 61, 90, chap. 173,) manufactured tobacco and other articles might “ be transferred without payment of duty directly from the place of manufacture to a bonded warehouse established in conformity with law and Treasury regulations, under such rules and regulations and upon the execution of such transportation bonds as the Secretary of the Treasury may prescribe, * * * and *500 withdrawn therefrom for consumption on payment of the duty, or removed for export to a foreign country without payment of duty.” * * *
Under this act the Commissioner made regulations, among others, for the withdrawal of tobacco, as well as spirits and other articles to which the same act applied, from the bonded warehouses for consumption, requiring the taxes due thereon to be paid to the. collector of the district in which the warehouses are situated.
The same act, in section 25, (13 Stat. L., 231,) allowed to collectors of internal revenue a salary and certain commissions on the amount of money collected, paid over, and accounted for by them, respectively, as taxes.
This gave to collectors in the districts where bonde’d warehouses were established all the commissions on taxes collected on manufactured tobacco, as well as spirits and other articles withdrawn from said warehouses for consumption, and nothing to the collectors of the districts in which the tobacco had been manufactured and from which it had been shipped.
Subsequently, by the Act July 13, 1866, (14 Stat. L,, 105, 106, § 9, ch.'184,) as amended by the Act March 2,1867, (14 Stat. L., 473, § 9, ch. 169,) the following proviso was enacted:
“Provided,.that in calculating the commissions of assessors and collectors of internal revenue in districts whence cotton or distilled spirits or other articles are. shipped in bond to be sold in another district, one-half of the amount of tax received on the quantity’of cotton or spirits, or other articles so shipped, shall be added to the amount on which the commissions of such assessors and collectors are calculated.”
Under this provision the commissions on spirits, tobacco, and other articles manufactured in one collection district and shipped in bond for consumption or to he sold in another district and the tax paid there, were divided equally between the collectors of the two districts, or, more strictly speaking, one-half of the amount of taxes received in such cases was added to the respective accounts of.such collectors, for the purpose of calculating their commissions, which might be of different percentage, according to the full amount of all their collections.
. The Act July 20,1868, (15 Stat. L., 157, §§ 73, 74, ch. 186,) made new provisions in,relation to the removal of manufactured tobacco and snuff from the manufactories, directing the Com *501 missioner to designate and establish at different ports of entry-bonded warehouses for the storage of manufactured tobacco and snuff in bond intended for exportation, and requiring all such articles intended for export, and removed to another district for that purpose, to be transported to such export bonded warehouses, and also prohibiting the removal of the same from such warehouses except for export or after the tax has been paid thereon.”
The Commissioner of Internal Revenue construed these provisions as superseding those of previous acts, and as prescribing the only method by which manufactured tobacco could be taken from the manufactory without the payment of tax and transported to bonded warehouses in other districts, but as still giving the owner the right to remove it from those warehouses for consumption upon paying the tax thereon to the collector in the district where it was stored, substantially in the same manner as it could have been removed under the former acts; and he made his regulations and instructions accordingly.
The only practical changes made by the law of 1868 in relation to the removal of manufactured tobacco from the district where manufactured to other districts where there were bonded warehouses, and the seruoval therefrom for sale or consumption, were these: It substituted export bonded warehouses for internal-revenue bonded warehouses, and required the manufacturer to affix to each package before leaving the manufactory a stamp indicating that the tobacco was intended for export. The method of transfer, giving bond, removal for sale or consumption, and payment of tax upon such removal, were substantially the same under both laws.
For the defendants, in behalf of the collectors in the warehouse districts, it is contended that as the proviso in the act of 1866 which we have cited, as amended, specified only “articles shipped in bond to be sold in another district” therefore, after the passage of the act of 1868 superseding the then existing provisions for the shipment of tobacco in bond to be sold in another district, and substituting’ therefor provisions for the shipment only upon the declared intention of the owner that it was for export, as evidenced by a stamp thereon, there could be nothing for the proviso to operate upon, and that the taxes ■collected by a collector in the district where export bonded warehouses were situated upon tobacco shipped thereto from *502 manufactories in other districts, with stamps on the packages indicating that it was intended for export, and withdrawn for sale or consumption, were not taxes “on articles shipped to be sold in another district.”
In our opinion this would be a too restricted application of the proviso, or a too extensive application of the effect of the act of 1868, beyond the intention of Congress, and outside of the matters designed to be covered or affected by that act.
In the construction of several statutes on the same general subject, passed at different dates and by successive legislatures, without express repeal of former provisions, all parts of each must retain their force and effect except where it is apparent that by the later acts substantial changes were intended, without relying upon artistic adaptation of the language of all parts to the substantial alterations, or raising incidental changes-through imperfect or incomplete connections between the different statutes, clearly not contemplated by the legislators, and not within the scope of the particular matters considered by them. What is to be determined is the will of the legislature, and that will as expressed in the latest act is paramount. But-on all matters in which the will of the latest legislature has not been clearly manifested .that of all former legislatures must stand.
When the proviso which we have cited was passed, in 1866, and amended in 1867, so as to include other articles as well as cotton and distilled spirits, the Thirty-ninth Congress had before it and directly considered and acted upon the question of compensation of assessors and collectors of internal revenue, and in explicit language declared its policy and will as to which of' two collectors should have the commission upon taxes collected on distilled spirits and other articles manufactured in one ■ district and sent in bond to another district, there stored in bonded warehouses, and withdrawn therefrom on the payment of the taxes to the collector of the latter district.
That Congress provided that the commission should practically be divided between the collectors, allowing one-half the tax paid to be added to the collection account of each for the purpose of calculating their commission.„ The language of the. proviso as to articles the tax paid on which was thus to be-divided in the collectors’ accounts, in specifying them as “ articles shipped in bond to be sold in another' district,” was suffi *503 ciently definite and appropriate in the then state of the law in relation to tobacco manufactured in one district and transported into another district, and there withdrawn upon payment of.' tax for sale or consumption.
In 1868 the Fortieth Congress passed the Act July 20, (ch.. 186,) a long act of 109 sections, in no part of which was the subject of the compensation of assessors of internal revenue dealt with or referred to. It did establish a change of policy as-to* the transfer in bond of tobacco and snuff from the manu-factory to bonded warehouses within or without the same district, but that change had no practical effect upon the right or the method of withdrawal of the tobacco from the bonded warehouses upon p^ment of-the tax to the collectors of the districts where such warehouses were situated, nor upon the respective labors, responsibilities, and duties of the several collectors in the different districts, and the regulations of the Commissioner in relation to the withdrawal and payment of taxes on tobacco in such cases were practically the'same under this as under the pre-existing acts.
The only real changes effected were, as we have before shown, the substitution of export bonded warehouses for internal bonded warehouses, and requiring the owners of tobacco shipped from the manufactory to the warehouses to affix to each package an engraved stamp, for which he paid to the Government through the collector of the shipping district -25 cents, and which was to be indicative of the owner’s intention to export the package. But, notwithstanding that stamp, the owner was not bound to export the tobacco, but was permitted to Withdraw it from bond for consumption on payment of the taxes due thereon precisely as before.
And it is upon this narrow construction that the defense in this case rests; that because under the act of 1868 tobacco could be shipped in bond from the manufactory only with a stamp thereon indicative of the intention of the owner to export it, while the language of the proviso of 1866 referred to articles “shipped in bond to be sold in another district,” therefore the commissions of collectors were to be calculated on a different basis, in the two cases, upon taxes collected in like manner upon tobacco shipped in bond from the manufactory and withdrawn for consumption from the bonded warehouse alike under both acts.
*504 In. our opinion the Fortieth Congress, in passing the act of 1868, (chap. 186,) had no such intention and expressed no •such will; and to adopt the construction contended for by the defendants would be to defeat the clearly-established policy of Congress in this particular, by giving substantial force to language not material to the subject-matter legislated upon, and by establishing an incidental and accidental change of the law beyond the contemplation of the legislators.
We are confirmed in this opinion by the fact that, in revising the Statutes in 1873, the same construction we now give was adopted by Congress, and in incorporating the substance of the proviso of 1866 and 1867. into the revision, the words “ to he sold in another district,” upon which alone the Jefense in this case finds any support, were omitted. (Rev. Stat., § 3145.) The Fortieth Congress, in 1868, no more intended, apparently, to change the law as to the force, application, and effect of that proviso, than did the Forty-third Congress in 1873, and it would seem to. have been the will of each that the policy of the Thirty-ninth Congress, as declared in the proviso in relation to the compensation of collectors and assessors of internal revenue, should continue.
The judgment of the court is that the claimant have and recover the sum of $1,020.
Loeing and Peck, J. J., were absent when this case was heard, and took no part in the decision.