Richardson, J.,
delivered tbe opinion of tbe court:
The claimant was a deputy collector of internal revenue for tbe second district of Alabama, and as such acted as collector of said district from tbe 23d of September to tbe 9th of December,. 1873, inclusive, and now seeks to recover tbe compensation allowed by law and tbe order of tbe Secretary of tbe Treasury to tbe latter office, by virtue of tbe Acts of 1869, chapter 57, § 1 (15 Stat. L., 282), and 1870, chapter 187 (16 Stat. L., 179),now Revised Statutes, § 3150, where, in tbe revision, tbe provision stands thus: “Any deputy collector who has performed or may perform, under authority of law, tbe duties of aiiy collector in consequence of a vacancy in tbe office of said collector, shall be entitled to receive the salary and commissions allowed by law to such collector, or tbe allowance in lieu of said salary and commissions allowed by tbe Secretary of tbe Treasury to such collector.” * * * # *
Tbe right of tbe claimant to recover as claimed depends upon whether or not be performed tbe duties under tbe authority of law, and there was a vacancy in tbe office of collector within tbe meaning' of that provision. His authority is not denied by tbe defendants, but they allege that there was no vacancy except for part of tbe time, for which be has been paid, and for that be makes no claim.
There are only two cases in which a deputy can act as collector : one, “in case of tbe sickness of a collector or of bis temporary disability to discharge bis duties,” when tbe duties of bis office may be devolved by him upon one of bis deputies; tbe other, where there is a vacancy in tbe office, in which case tbe senior dejraty acts by authority of tbe statute, unless tbe Secretary of tbe Treasury directs that tbe duties be performed by such other of tbe deputies as be may designate. (Rev. Stat., § 3149.)
In tbe present case, tbe collector was suspended for fraud by tbe supervisor of internal revenue, who made report thereof to tbe Commissioner, for bis action thereon, as required by statute provisions, now incorporated into Revised Statutes, § 3163. What is tbe legal effect of such suspension in all respects is not well defined, and whether or not tbe collector may not be still *351 n office afterward, for some purposes, though under disabilities to perform tbe duties, may not be free from doubt.
It is clear, however, that in this case all- parties acted upon tbe theory of an existing vacancy. Tbe duties of tbe office were not devolved upon tbe claimant as deputy by tbe collector himself, as in case of disabibty, but were cast upon him by tbe Secretary of .the Treasury as in case of vacancy. Tbe Commissioner’s action upon tbe supervisor’s report of suspension was to give direction that tbe claimant be put in possession of tbe office, which was immediately complied with, and to notify tbe claimant that he would be designated by tbe Secretary of tbe Treasury to perform tbe duties of collector, and be was so designated at once.
It must be observed that tbe Secretary of tbe Treasury has no such power of designation by statute, except in case of vacancy, when it appears to him that tbe interest of tbe Government so requires. Tbe Secretary recognized a vacancy, by referring in bis order expressly to tbe statutes giving him authority in such case, and, moreover, specifically declared that tbe collector was suspended. Under tbe Tenure of Office Act (now Rev. Stat., § 1768), tbe President bad tbe power at that time, September, 1873, which was during tbe recess of tbe Senate, to suspend tbe collector at bis pleasure until tbe end of tbe next session of tbe Senate, and tbe act of tbe bead of a department is presumed to be tbe act of tbe President. (Wilcox v. Johnson, 13 Pet., 498.)
Tbe Assistant Attorney-General relies upon tbe closing paragraph of the Act of 1869, chapter 57, section 1 (15 Stat. L., 282), where tbe existing provision was first made for paying to deputies tbe compensation of collectors when performing tbe duties of tbe latter officers in certain cases, which is as follows: “ But no such payment shall in any case be made when tbe collector has received, or is entitled to receive, compensation for services rendered during tbe same period of time.” Tbe next year, by Act of 1870, chapter 187 (16 Stat. L., 170), Congress declared tbe “ true intent and meaning” of tbe former act, and, while repeating all other provisions therein contained, omitted tbe clause which we have set forth, and which is now relied' upon by tbe defendants; and in revising tbe statutes, tbe later act is incorporated into tbe Eevised Statutes as containing all that remained in force on tbe subject, and tbe former provision or limitation is wholly *352 omitted. (Rev. Stat, § 3150.) This is significant, as indicating- bj1-legislative construction and implication that there may be cases in which a-deputy may perforin the duties of collector and be entitled to compensation tlierefof, while, under some circumstances, the collector himself might also receive pay for services, actual or constructive, during the same period of time. Under the Tenure of Office Law, the suspended officer is expressly excluded from the right to receive the emoluments of the office during suspension; but no such prohibition is made in respect to a collector suspended by a supervisor- of internal revenue, and we may well understand why he should not be deprived of his salary if it should prove upon examination by the Commissioner that the charges against him were unfounded and the suspension by the supervisor unjust, and he should finally be restored to his office. And there may be other circumstances entitling him to pay while under suspension as just perhaps as the case we mention. It would seem that the act declaring- the true intent and meaning of the Act of 1869, omitting, as it did, the restriction in the closing paragraph of the first section, might have been passed to meet precisely such a case as this. At any rate, the restriction no longer stands in the way of the claimant’s right to recover.
On the whole, we are of opinion that the suspension by the supervisor of internal revenue, and the action of the Secretary of the Treasury, caused such a vacancy within the meaning- of the statute as entitles the present claimant, designated as he was, to the compensation allowed to the collector while performing the duties of that officer.
We say within the meaning of the statute, because, when that can be satisfactorily gathered from the whole language of an act or section, taken in connection with the manifest object designed to be accomplished, it is not necessary to give to every word its exact signification as an independent word, when it would be inconsistent with other words and other parts of the same statute. The first and controlling rule in the construction of statutes is to ascertain what the legislature intended, as indicated by all the provisions on the same subject-matter, harmoniously construed as far as possible, and single words must sometimes yield their restricted meaning to a more general signification and greater comprehensiveness, if necessary to carry out the manifest will of the law-making power, which, in the *353 section now under consideration, seems to liave been to give to Mm wbo actually performed the duties and incurred the responsibilities of the office of collector the emoluments attached thereto. (Wilcox v. United States, 12 C. Cls. R., 495; affirmed on appeal, 95 U. S. R., 661.)
There is another branch of the case, relating to the claim for services during the first nine days in December, which differs somewhat from that which we .have thus far been considering.
After the claimant was put in possession of the collector’s office and had been designated by the Secretary of the Treasury to perform the duties of collector, Widner, the suspended collect- or, of whom the claimant was deputy by his appointment (Rev. Stat., § 3148), died October 16, 1873. Subsequently, P. D. Barker was appointed and commissioned as collector of said district November 9, and gave bpnd and toolcthe oath of office December 1, 1873. But he did not enter upon the duties, take possession of the office, or relieve the claimant until December 10,1873, and the claimant continued to discharge the duties to which he had been thus assigned until the latter date.
During those nine days in December the claimant was not the deputy of the newly-appointed collector, Barker, and so could not have performed his duties by reason of their having been, in the language of the statute, devolved upon him by the collector, but he acted under the designation and direction of the Secretary of the Treasury, upon the order of that officer of the previous September, as the findings show. The vacancy then, within the meaning of the statute and as understood by the Treasury Department, still continued, .or the claimant could not have acted at all, his only authority being his designation by the Secretary of the Treasury on account of a vacancy in the office of collector.
The newly-appointed collector was, no doubt, in office for some purposes, but until he entered himself upon the discharge of his duties and appointed his own deputies, the acting deputy appointed by his predecessor, and acting under authority derived from the Secretary of the Treasury, would not be Ms deputy; and he would not be responsible for the money collected and other official acts by the acting incumbent. So in that regard, as to responsibility at least, there was practically a vacancy M the office of collector during those nine days in December.
It may be that the newly-appointed collector was entitled to *354 tbe salary of the office from the time he gave bonds and took the official oath, but that would not preclude the present claimant from a right to the same amount of compensation during the time he thus performed all the duties and incurred all the responsibilities. The Eevised Statutes enact that they embrace the statutes of the United States, of a general and permanent nature, in force December 1, 1873, which was the first of those nine days for which the claimant seeks to recover compensation, and, as we have pointed out, the restriction contained in the Act of 1869 and omitted from the Act of 1870 was not incorpo-irated therein.
The authority of the claimant to act as collector was the same during tlie time of the suspension of the first collector, the time between the death of that officer and the appointment of his successor, and the time from the appointment of the successor until his entry upon his duties, and was founded upon one designation only, made by the Secretary of the Treasury as in case of a vacancy. The claimant’s status with reference to his duties did not change during the whole period of the time of his services. He alone was responsible for the performance of the duties of the office; for the first collector, suspended bylaw, could not be held liable for the acts of another put in his place agaipst his will by higher authority;.and the second collector coidd not be liable until he took possession and appointed his own deputy.
If the claimant performed the duties under authority of law, as seems to have been conceded on all sides, he is “entitled to receive the salary and commission allowed by law to such collector.” (Rev. Stat. § 3150.)
The judgment of the court is that the claimant recover the - sum of $163.05, which is the compensation of collector from September 23 to December 9, 1873, inclusive, less the amount which has been paid to him.
Nott, J., was absent when the decision was announced, but was present at the trial and concurs in this decision.