## UNITED STATES v. FARDEN.

1. A., a collector of internal revenue, was suspended, Sept. 23, 1873, from office, upon charges of fraud, by the supervisor, who reported his action to the commissioner, in accordance with sect. 3163 of the Revised Statutes. The Secretary of the Treasury, Sept. 26, directed B., the deputy collector of the district, to assume the duties of collector, as of Sept. 23, in place of A., and to continue in office until some person should be appointed thereto and duly qualified. A. died Oct. 16. A collector, appointed Nov. 9, took the oath and gave the required bond, Dec. 1, but did not take possession of the office until Dec. 10. B. performed the duties of collector from Sept. 23 to and including Dec. 9. *Held*, that B. was entitled to the compensation of collector during the whole period.

2. Under the last clause of the first section of the act of March 1, 1869 (15 Stat. 282), providing that a deputy collector of internal revenue shall not receive compensation as collector, when the latter is entitled to compensation for services rendered during the same period of time, a collector suspended for fraud, and rendering no services thereafter, is not entitled to compensation so as to exclude the deputy collector therefrom; and the better opinion is that that provision is repealed by its omission from 16 Stat. 179; Rev. Stat., sect. 3150.

APPEAL from the Court of Claims.

This was an action by Joseph S. Farden against the United States to recover pay for his services as acting collector of internal revenue for the second district of Alabama.

The Court of Claims found the following facts : —

1. On the twenty-third day of September, 1873, the claimant was deputy collector of Francis Widner, then collector of internal revenue for the second district of Alabama, when said Widner was suspended from office by K. R. Cobb, a supervisor of internal revenue, for fraud, and his action reported to the commissioner.

2. The commissioner thereupon sent the following telegram to J. C. Lotz, a revenue agent, and the order therein contained was immediately complied with : —

"WASHINGTON, Sept. 23, 1873.

"J. C. LOTZ, *Montgomery, Alabama,*

"The Secretary will designate Joseph S. Farden as acting collector from this date. Put him in possession of the office.

"J. W. DOUGLASS,
"*Commissioner.*"

And thereafter the Secretary of the Treasury issued the following order : —

"TREASURY DEPARTMENT,
"WASHINGTON, D. C., Sept. 26, 1873.

"SIR, — Under the provisions of the fortieth section, act of June 30, 1864, as amended by the first section, act of March 3, 1865, you are hereby directed to perform the duties of the office of collector of internal revenue for the second district of Alabama, *vice* Francis Widner, suspended.

"This order will take effect from the 23d inst., and will continue in force until some person shall have been designated or appointed to the office and duly qualified according to law.

"You will receive this through the Commissioner of Internal Revenue, who is hereby directed to give you the necessary instruction with reference to the performance of your duties as prescribed by law.

"I am, very respectfully,

"WM. A. RICHARDSON,
"*Secretary.*

"MR. JOSEPH S. FARDEN,
"*Deputy Collector, &c., Montgomery, Ala.*"

3. Said Widner died Oct. 16, 1873, and on the ninth day of November, 1873, P. D. Barker was appointed and commissioned as collector of said district, and took the oath of office and gave the bond required on the first day of December, 1873.

The following notice was sent to claimant by the Commissioner of Internal Revenue, and on the tenth day of December, 1873, and not before, said Barker took possession of the office, and all books, papers, and property pertaining thereto were then turned over to him : —

"WASHINGTON, Nov. 25, 1873.

" SIR, — Prelate D. Barker having been appointed collector of internal revenue for the second district of Alabama, and having duly qualified as such collector, I have to direct you to turn over and deliver to him all books, papers, and property pertaining to collector's office of said district whenever he shall present himself and request you to do so.

"Very respectfully,
" J. W. DOUGLASS,
" *Commissioner.*
"JOSEPH S. FARDEN, Esq.,
"*Acting Collector, 2d Dist., Montgomery, Ala.*"

4. The claimant performed the duties of collector of said district as such acting collector from Sept. 23 to Dec. 9, 1873, inclusive, under said orders set forth in the second finding.

5. The compensation fixed by the Secretary of the Treasury, in lieu of the salary and commissions prescribed by law, for the personal salary of the collector of said district was $3,000 a year, and of the deputy collector, $1,500 a year.

6. For the time from the 23d of September to the 15th of October, inclusive, the claimant has been paid $89.67, the compensation fixed for deputy collector, and no more ; for the time between Oct. 15 and Nov. 30, 1873, inclusive, he has been paid the full compensation of collector ; and for the first nine days in December he has been paid nothing.

The court found as a conclusion of law that the claimant was entitled to recover $163.05, that being the compensation of a collector from Sept. 23 to Dec. 9, 1873, inclusive, less the amount which had been paid to him.

The United States then appealed here.

*The Solicitor-General* for the United States.

The statutes which bear upon the question involved are as follows : —

" That in case of the sickness or temporary disability of a collector to discharge such of his duties as cannot under existing laws be discharged by a deputy, they may be devolved by him upon one of his deputies; and for the official acts and defaults of such deputy the collector and his sureties shall be held responsible to the United States.   Act of June 30, 1864, sect. 39 ; 13 Stat. 238.

" *That in case of a vacancy occurring in the office of collector, by reason of death or any other cause,* the deputies of such collector shall continue to act until his successor is appointed; and the deputy of such collector. longest in service at the time immediately preceding shall, until a successor is appointed, discharge all the duties of said collector; and for the official acts and defaults of such deputy a remedy shall be had on the official bond of the collector, as in other cases ; and of two or more deputy collectors appointed on the same day, the one residing nearest the residence of the collector at the time of his death, resignation, or removal, shall discharge the said duties until the appointment of a successor: *Provided, that in case it shall appear to the Secretary of the Treasury that the interest of the government shall so require, he may, by his order, direct said duties to be performed by such other one of the said deputies as he may in such order designate.* And any bond or security taken from a deputy by such collector pursuant to this act shall be available to his legal representatives and sureties to indemnify them for loss or damage accruing from any act of the deputy so continuing or succeeding to the duties of such collector.   Act of June 30, 1864, sect. 40, amended [see Italics] by sect. 9 of the act of March 2, 1867, 14 id. 473, and by the act of March 3, 1865, 13 id. 471.

" That from and after the passage of this act no assessor or collector shall be detailed or authorized to discharge any duty imposed by law upon any other collector or assessor, but a supervisor of internal revenue may, within his territorial district, suspend any collector or assessor for fraud or gross neglect of duty, or abuse of power; and shall immediately report his action to the Commissioner of Internal Revenue, with his reasons therefor, in writing, who shall thereupon take such further action as he may deem proper.   Act of July 20, 1868, sect. 51 ; 15 id. 145.

" That any deputy collector of internal revenue who has performed, or may hereafter perform, under authority or requirement of law, the duties of collector of internal revenue, *in consequence of any vacancy in the office of such collector,* shall be entitled to and receive so much of the same pay and compensation as is provided by law for such collector; but no such payment shall in any case be made when the collector has received, or is entitled to receive, compensation for services rendered during the same period of time. Act of March 1, 1869, sect. 1; id. 282.

" That the true intent and meaning of an act approved March 1, 1869, entitled 'An Act to allow deputy collectors of internal revenue acting as collectors the pay of collectors, and for other purposes,' is as follows, to wit: That any deputy collector of internal revenue who has performed, or may hereafter perform, under authority of law, the duties of collector of internal revenue, in consequence of any vacancy in the office of said collector, shall be entitled to, and shall receive, the salary and commissions allowed by law to such collector, or the allowance in lieu of said salary and commissions allowed by the Secretary of the Treasury to such collector, and that the Secretary of the Treasury is authorized to make to the said deputy collector such allowance in lieu of salary and commissions as he would by law be authorized to make to said collector. And said deputy collector shall not be debarred from receiving said salary and commissions, or allowances in lieu thereof, by reason of the holding of another Federal office by said collector during the time for which said deputy collector acts as collector: *Provided,* that all payments to said deputy collector shall be upon duly audited vouchers." Act of July 1, 1870; 16 id. 179.

The temporary suspension of the collector by the supervisor did not create a vacancy, nor forfeit his claim to compensation. The action of the supervisor may not have been ultimately sustained, upon a full investigation of the causes which prompted it. In that event, the suspended officer would re-enter upon the discharge of his duties. Such is not the case where a removal is made or a resignation accepted. The right of the incumbent to the salary thereupon ceases, inasmuch as his relations to the service are dissolved, and cannot be restored without a new appointment.

It has been urged that the parties acted upon " the theory of an existing vacancy." That cannot, however, affect the merits

of the question, nor is the court bound by an officer's mistaken impression of the law or the facts.

The act of March 2, 1867, regulating the tenure of certain civil officers (14 Stat. 430), is cited by the learned court below. It is said that, under its provisions, the collector might have been suspended by the President in the recess of the Senate, that during such suspension he would not be entitled to pay, and that, under *Wilcox* v. *Jackson* (13 Pet. 498), the act of the head of a department is presumed to be the act of the President.

The collector being under the supervisory power of the Treasury Department, a notice to him from its head that he was suspended by the President would undoubtedly be regarded as conclusive proof of the fact. But the assumption that the President suspended the collector and designated Farden to perform the duties of collector is negatived by the first finding of the court below that the supervisor suspended the collector. Farden does not in his petition claim, nor does the court find, that he took the oath of office as collector, or gave bond as such, which, by that act, he would have been required to do before he could act or be entitled to compensation; and the Secretary of the Treasury expressly informed him that he was directed, under the acts of 1864 and 1865, to perform the duties of the suspended officer.

Barker was duly appointed as collector, and he qualified as such Dec. 1. He thereby filled the vacancy caused by Widner's death, and was from that date entitled to compensation. Farden's claim to be thereafter paid as collector was properly rejected by the accounting officers of the treasury.

The amount involved is trivial, but the principles underlying the case are important.

*Mr. I. G. Kimball, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Compensation of the collector of internal revenue for the district, as fixed by the Secretary of the Treasury in lieu of the salary and commissions prescribed by law, is the annual sum of $3,000. 15 Stat. 231.

Such collectors may appoint as many deputies as they may

think proper, to be by them compensated for their services.
Rev. Stat., sect. 3148.

Deputy collectors who, under the authority of law, perform
the duties of a collector, in consequence of a vacancy in the
office of collector, are entitled to receive the salary and com-
missions allowed by law to such collector, or the allowance
fixed by the Secretary of the Treasury, as compensation to the
collector, in lieu of the salary and commissions prescribed by
Congress. Id., sect. 3150; 15 Stat. 252.

Charges of fraud were made against the collector of internal
revenue for the district, and he was suspended from his office
by the supervisor, who made due report of his action in the
premises to the commissioner. Pursuant to the act of Con-
gress, the Secretary of the Treasury, on the 26th of September,
1873, gave the plaintiff, who was the deputy collector of the
district, the following instructions: " You are hereby directed
to perform the duties of the office of internal revenue collector
for the district, *vice* Francis Widner, suspended; " which was
accompanied with the statement that the order should take
effect from the 23d inst., and that it would continue in force
until some person should be designated or appointed to the
office and duly qualified according to law.

By the finding of the court it also appears that the plaintiff
as such acting collector performed the duties of collector of the
district from the 23d of September, 1873, to and including nine
days in the month of December following. From the 23d of
September to the 15th of October he was only paid the com-
pensation allowed to him as deputy collector, and from that
time to the 30th of the succeeding month he was paid the full
compensation allowed to the collector, and for the remainder
of the time of his service as collector he was paid nothing.

Appended to the findings of the court is their conclusion of
law, which is that the claimant is entitled to recover $163.05,
in conformity with the opinion of the court as published in
the transcript. Judgment was rendered in favor of the claim-
ant for that amount, and the United States appealed to this
court.

Appellants do not deny that the claimant performed the ser-
vices alleged in the petition, but they allege that he is only

entitled to compensation as internal-revenue collector for the period from October 15 to December 1, and that he has been fully paid for his services as such collector during that whole period, which proposition is sustained by the finding of the court below; but they assign for error that there was no vacancy in the office of collector for any other portion of the time during which the claimant performed the duties of collector.

Attempt is made in argument to support that theory by the third finding of the court, from which it appears that the suspended collector died on the 16th of October next after he was suspended from office, and that his successor was appointed on the first day of the succeeding December, which is conceded; but the same finding of the court shows that the new collector did not take possession of the office until ten days later, from which it appears that the finding of the court in respect to the first nine days of that month is correct to a demonstration.

Suppose that is so, still it is insisted in behalf of the appellants that there was no vacancy in the office of collector during the lifetime of the suspended collector, and that the judgment of the court below in allowing the claimant compensation as collector during the period from the suspension of the collector to his death is erroneous, which is the principal question in the case presented for decision. He was paid for his services during that period as deputy collector, but the court below held that he was entitled to the compensation allowed by law to a collector, and gave judgment in his favor for the difference, adding thereto a collector's compensation for the nine days which elapsed after the new collector was appointed before he took possession of the office.

Two contingencies arise when the deputy collector may perform the duties of such collector: 1. When the collector is sick, or is temporarily unable to discharge the duties of the office, the provision is that he may devolve the same upon one of his deputies, but the collector and his sureties in that case remain responsible for the official acts and defaults of the deputy. 2. In case of a vacancy in the office of the collector, when the senior deputy shall discharge all the duties of the

collector, unless the Secretary of the Treasury shall direct that his duties shall be performed by some other one of the deputies, the enactment being that the deputy who performs the duty of the collector in consequence of a vacancy shall be entitled to receive the salary and commissions allowed by law to such collector. Rev. Stat., sect. 3149, 3150.

Supervisors at that period were empowered by notice in writing to suspend any collector of internal revenue from duty for fraud, or gross neglect of duty, or abuse of power, and it was made his duty immediately to report his action to the commissioner, with his reasons therefor, in writing. Id., sect. 3163. Fraud was the accusation against the collector in this case, and it was for fraud that he was suspended from the office of collector, and it appears that the supervisor made due report in writing of his action to the commissioner.

Difficulties would attend the effort to define with precision the relation which the suspended individual bore to the office of collector of internal revenue after the order of suspension went into practical effect, nor is it necessary, in the judgment of the court, to make any such attempt in the present case. Whatever the legal relation of the individual may have been in the strict technical sense, it is clear, we think, that for all practical purposes, during the continuance of the order of suspension, the office was vacant, and without any incumbent to discharge the duties which the law requires to be performed by the collector of the internal revenue. Plainly it was not a case of sickness or temporary disability, and consequently the duties were not devolved upon the deputy as in that case made and provided.

Prompt report in writing was made by the supervisor to the commissioner; and the finding of the court below shows that he immediately despatched a telegram to the agent of the Treasury Department to designate the claimant as acting collector from that date, and to put him in possession of the office. Exactly the same view of the subject was taken by the Secretary of the Treasury, as appears by his communication to the claimant, in which he said, " You are hereby directed to perform the duties of the office of collector of internal revenue, *vice* Francis Widner, suspended, and to continue in office until some

person shall have been designated or appointed to. the office and duly qualified according to law."

Nothing can be plainer in legal decision than the proposition that, unless the Secretary of the Treasury assumed that a vacancy existed in the office, he could not and would not have given the directions which are contained in that communication.

Under the Tenure-of-Office Act the President had the power at that time, which was during the recess of the Senate, to suspend the collector until the next session of the Senate, and the act of the Secretary, the head of the Treasury Department, is presumed to be the act of the President.   *Wilcox* v. *Jackson*, 13 Pet. 498.

Some support to the opposite theory, it is supposed, may be derived from the last clause of 'the first section of the original act regulating the compensation to deputy collectors in such cases, but the court here is entirely of a different opinion.   By that clause it is provided that no such payment shall in any case be made where the collector has received or is entitled to receive compensation for services rendered during the same period of time.   13 Stat. 282.

Grave doubts are entertained whether this provision can be construed to give any support to the theory of the defendants, that the collector is entitled to compensation during the same period of time, as he rendered no services; and inasmuch as he was suspended for fraud, it is difficult to see what claim he can have for the salary attached to the office during the period of his suspension, when the duties were performed by the deputy collector.   Even if the original provision could be interpreted as supposed, still the better opinion is that it is not in force.   It was left out of the act of Congress passed the next year to define the true intent and meaning of the provision, and is not contained in the Revised Statutes.   16 id. 174; Rev. Stat., sect. 3150.

Suffice it to say that the court, in view of the whole case, is of the opinion that the claimant is entitled to receive the salary and commissions allowed by law to the collector of internal revenue during the period that he performed those duties under the direction of the Secretary of the Treasury, as found by the

court below, and that the suspension by the supervisor of internal revenue, and the action of the Secretary of the Treasury directing him to continue in the office until a successor to the suspended officer was appointed and qualified, created such a vacancy, within the meaning of the act of Congress, for all practical purposes in the administration of the duties of the office as entitles the claimant to that compensation.   Assume that to be so, and it follows that there is no error in the record.

*Judgment affirmed.*