Richardson, J.,
delivered the opinion of the court:
The claimant was a deputy collector of internal revenue, duly appointed by the collector of the eighth district of Kentucky, at a salary of $1,200 a year. During the time of his employment the collector was granted by the Secretary of the Treasury, annually, among other allowances for other deputies and for a clerk, a special allowance of $1,200 each for two deputies. That allowance has been settled and paid, except the sum of $990, disallowed by the First Comptroller because the claimant during *450 tbe term of bis employment as deputy bad been paid that sum by tbe defendants for bis services for 198 days as an assistant to tbe collector in making surveys of distilleries; for wbicb service be bad been duly designated by tbe Commissioner of Internal Revenue, at a compensation of $5 a day.
We do not find it necessary to consider the reasons assigned for not paying tbe money in question to tbe collector, nor to determine whether or not the United States bad a valid defense to it as against him. Tbe collector is not a party to this action, and bis rights cannot be judicially determined in suits between other parties.
In our ojtinion, deputy collectors, before tbe passage of the Act March 1, 1879 (20 Stat. L., 329), ch. 125, § 2, were not em-ployés of tbe United States for tbe payment of whose services the defendants were liable to them. There was no authority of law by wbicb tbe Secretary of tbe Treasury or any other officer of tbe government could make valid contracts with deputy collectors of internal revenue to pay to them salaries from tbe public Treasury. On tbe contrary, tbe statutes expressly provided for their appointment and payment by tbe collectors for whom they were deputies.
Section 3148 of tbe Revised Statutes, embodying tbe preexisting law, is as follows:
“Bach collector shall be authorized to appoint, by an instrument in writing under bis band, as many deputies as be may think proper, to be by him compensated for bis services; to revoke any such appointment, giving such notice thereof as the Commissioner of Internal Revenue may prescribe; and to require and accept bonds or other securities from such deputies. Each such deputy shall have tbe like authority, in every respect, to collect the taxes levied or assessed within tbe portion of tbe district assigned to him, wbicb is by law vested in tbe collector himself; but each collector shall, in every respect, be. responsible both to tbe United States and to individuals, as tbe case may be, for all moneys collected, and for every act done or neglected to be done by any of bis deputies while acting as such.”
Section 12 of the act of February 8, 1875, ch. 36 (18 Stat. L., 309), is in nearly tbe same words :
“ Bach collector of internal revenue shall be authorized to appoint, by an instrument in writing under bis band, as many deputies as be may think proper, to be by him compensated for their services; to revoke any such appointment, giving such *451 notice thereof as the Commissioner of Internal Revenue may prescribe; and to require and accept bonds or other securities from siich deputy; and actions upon such bonds may be brought in any appropriate district or circuit court of the United States, which courts are hereby given jurisdiction of such actions concurrently with the courts of the several States.” * * *
In section 3145 of the Revised Statutes it is provided that “there shall be allowed to collectors, in full compensation for their services, and for those of their deputies, a salary of fifteen hundred dollars per annum, to be paid quarterly and, in addition thereto, a commission” on the money by them collected, with certain further allowances which the Secretary of the Treasury was authorized to make to the collectors.
After the passage of the Act December 24, 1872 (17 Stat. L., 401, ch. 13, § 1), abolishing the office of assessor and of assistant assessor of internal revenue, and transferring most of their duties to the collectors, these officers found their labors so much increased that many of them were obliged to appoint an additional number of deputies.
This proved to be a heavy burden to many collectors; and, in order to reimburse them to some extent, more or less, for their expenses in employing deputies and also clerks, the Secretary of the Treasury adopted the practice of granting to them special allowances, under the provisions of a clause of the law now found in section 3145 of the Revised Statutes, which is as follows:
u The Secretary of the Treasury may make such further allowances [to collectors], from time to time, as may be reasonable, in cases where by reason of the territorial extent of the district, or the amount of internal taxes collected, or other circumstances, it may seem just to make such allowances.”
Before the commencement of each fiscal year, the Secretary, at the request of the collector, determined the extent of such special allowances to him, stating the amount which would be granted for a specified number of deputies. The collector was thus informed what he could rely upon in that regard. He might still appoint, as provided by law, as many deputits as he might think proper, but whether he appointed more or less, his special allowance on account of them was limited to the number specified by the Secretary.
The Treasury Department had no accounts with deputy collectors. They were paid as before, as expressly required by statute, by the collectors who appointed them.
*452 There was, therefore, no privity of contract between the United States and the deputy collectors for the payment of their salaries. The fact that the Secretary of the Treasury made an allowance to collectors on account of the employment of deputies did not change the relation of the parties as fixed by statute, nor create any privity of contract on the part of defendants with the collector’s employés.
In that respect the case is very much like that of Driscoll v. The United States (13 C. Cls. R., 15, and 96 U. S., 421). A contractor had made an agreement with the United States to furnish all the labor for the erection of a certain building. He was to pay the wages of the laborers, and was to be repaid the amount with 15 per cent, added for his services. The government employed a superintendent and clerk. The clerk entered the name of every workman in a book kept by him, and no laborer was employed who was not approved by the superintendent. The contractor gave the men to understand that he would pay them whatever wages the superintendent would allow. The government clerk made out the pay-roll at the end of each month, had the men sign it, and it was then sent to the Treasury Department by the contractor, who was paid the full amount with 15 per cent, added for his services.' This court held that no privity of contract was created by those transactions between the United States and the laborers, and that the legal claims of the workmen for their wages were wholly against the contractor. Our opinion was sustained by the Supreme Court on appeal; and the pro forma judgment which was entered for the claimant contrary to the views of the court on the merits, in order that the case might, be taken to the tribunal of last resort, was reversed. That case cannot be distinguished from this in principle on the question of privity of contract, and is conclusive against the present claimant on his claim for salary as deputy collector.
By the Act March 1, 1879 (20 Stat. L., 329, ch. 125, § 2), the law and the practice of the Treasury-Department in relation to the payment of the salaries of deputy collectors have been changed; but that does not affect the claimant’s case, which arose before the passage of that act.
There is one case in which a deputy collector of internal revenue may maintain an action against the United States. When he performs, under authority of law, the duties of collector in *453 consequence of a vacancy in tbe office, be is entitled to receive tbe salary and commissions allowed by law to sucb collector, or tbe allowance in lieu of said salary and commissions. It is expressly so provided by section 3150 of tbe Revised Statutes. It was under that section that tbe claimant recovered judgment in bis favor in Farden's Case (13 C. Cls. R., 347, affirmed on appeal, 99 U. S., 10). But that is not tbis case.
Tbe claimant in bis petition seeks to recover tbe further sum of $25 for five days’ services in April, 1875, as an assistant of tbe collector in making surveys of distilleries, duly designated for that service by tbe Commissioner of Internal Revenue, at a per diem compensation of $5 a day. Tbis was done under authority of tbe statute, and tbe claimant is entitled to recover for tbe amount allowed to him by the Commissioner. (Rev. Stat., § 3264, and now Act March 1, 1879, 20 Stat. L., 334, ch. 125, § 5.) No defense is set up to tbis claim.
Tbe judgment of tbe court is that tbe claimant recover tbe sum of $25 for bis services as assistant to tbe collector in tbe survey of distilleries; and that as to bis claim of $990 for salary as a deputy collector, bis petition be dismissed.