Richardson, J.,
delivered tbe opinion of tbe court:
Two causes of action are set forth in tbe claimant’s petition.
First, be seeks to recover tbe sum of $2,100. L5. This sum was taxed and allowed to bimbytbe circuit conrtof tbe United States for tbe fifth circuit and district of Louisiana, under the provisions of section 825 of tbe Revised Statutes, as bis commission of two per cent, upon moneys realized by tbe government in a suit arising, as be alleges, under tbe revenue laws, and conducted by him, and in which tbe United States was a party. Tbe section is as follows :
Sec. 825. There shall be taxed and paid to every district attorney two per centum upon all moneys collected or realized in any suit or proceeding arising under tbe revenue laws, and conducted by him, in which tbe United States is a party, which shall be in lieu of all costs and fees in such proceeding.”
That suit arose and was prosecuted to final judgment, and tbe judgment was satisfied and tbe money recovered in this manner.
*261 In tbe year 1844 Thomas Barrett was appointed collector of the customs for the district of New Orleans, in the State of Louisiana, and as such gave the bond required by law for the .faithful discharge of the duties of his office, with. John K. Elgee •and others as sureties.
Upon the settlement of the collector’s accounts in October, 1845, a balance was found against him of more that $40,000, due to the United States for money collected by him from customs duties.
This balance had remained unpaid nearly twenty-five years; and Barrett and Elgee had both died, when a suit was instituted against the estate of Elgee, in the hands of his executrix, to recover the amount, with interest.
The claimant was United States district attorney, and as such .'he appeared and conducted the suit in behalf of the United •States. It was shaiply controverted, was twice tried in the •Supreme Court on writs of error (19 Wall., 198; 97 U. S. R., 584), and finally, in May, 1875, resulted in a judgment in favor of the United States for the whole amount claimed, with interest.
Just at that time the executrix of Elgee recovered judgment in the Court of Claims in favor of his estate for more than $360,000 against the United States under the captured and abandoned property act of March 12, 1863.
The Secretary of the Treasury, availing himself of the act then recently passed, “ to provide for deducting any debt due the United States from any judgment recovered against the United States by such debtor” (act of 1875, March 3, ch. 149), withheld payment of so much of the judgment of the Court of Claims as was sufficient to satisfy the judgment that had been recovered in favor of the United States against Elgee as Barrett’s surety, amounting, with interest, to $105,007.59, and thus realized the whole amount for which a recovery was had in the suit conducted by the claimant.
The counsel in behalf of the government urges, as a defense in this court, that the suit upon the bond of the collector against one of his sureties did not arise under the revenue laws, and that therefore the claimant is not entitled to a commission on the sum realized. He refers to discussions upon the meaning of the words “bills for raising revenue,” in article lof section 6 of the Constitution of the United States, and to the words “rev *262 enue laws” in acts relating to crimes and offenses, and in other acts.
But words and phrases are used with different signification and with different shades of meaning in different connections. They are not to be interpreted, invariably, as expressing precisely the same idea in all cases. So we held in relation to the word “vacancy” in Farden's Case (13 C. Cls. R., 347), and our judgment was affirmed, on appeal, by the Supreme Court.
In this case we are to determine the intention of Congress in the use of the words, “any suit or proceeding arising under the revenue laws,” as they appear in section 825 of the Bevised Statutes, and not as similar words may be employed elsewhere-in other connections.
The suit in question was upon a bond given by the collector of customs under a statute which still exists as re-enacted in section 2619 of the Bevised Statutes. This bond is required in order to secure to the United States payment of all money received by the collector from customs duties. This provision is-so far a part of the revenue laws that it constitutes a condition precedent to the collector’s entering upon the discharge of his duties and becoming a revenue officer. He cannot collect a dollar of revenue until he has filed his bond. This requirement is placed in the Bevised Statutes under the title of “ Colleution oe duties upon IMPORTS.” It would be out of place anywhere else.
The suit against a surety upon Collector Barrett’s bond was-instituted for the recovery by the United States of moneys due them for customs duties, not directly from the importer, but indirectly from the revenue officer to whom the moneys had been paid.
To hold that such a suit does not arise under the revenue laws, within the meaning of Bevised Statutes, § 825, we should be forced into the position that no suit against a party upon any bond could be held thus to arise, and that the statutes-meant only suits for the recovery directly from importers and debtors of- the money due by them for duties and other taxes. The section (Bev. Stat., 826) which immediately follows the one under consideration, negatives the correctness of this position and clearly implies that suits on bonds are within the provisions of the preceding section.
Moreover, the circuit court took that view of the law and en *263 tered a decree, amounting to a judicial determination, allowing to tbe claimant the commission which he now sues for. That judgment does not appear to have been set aside, but remains in full force. It is at least questionable whether this court is not conclusively bound by it. The circuit court had jurisdiction of the action and of the taxation of all costs which it held to arise in the course of the proceedings. The statute requires the district attorney’s compensation to be taxed, and no other court can tax it but the court having such jurisdiction.
To the extent of that allowance the claimant became entitled to part of the proceeds of the judgment when collected.
The counsel for the defendants further objects that the money on which the commission was allowed was not “collected and realized” within the meaning of the statute, because it was not collected by the claimant. But the statute does not require the collection of the money by the hands of the district attorney himself as a condition precedent to the recovery of commission. The provision of the statute is satisfied if the money be realized by the government in any form, after the district attorney has conducted the suit to a successful termination in a judgment in favor of the United States. Ordinarily an execution would issue and the money would be collected by the marshal. But the. judgment may be paid in any manner, so that the United States realize the amount due, either by payment in cash into the Treasury by the judgment debtor himself, or by way of set-off to any claim which he may have against the United States.
The Secretary of the Treasury chose to take payment by way of set-off instead of waiting for the settlement of the estate of Blgee, in the hands of his executrix.
Thus the United. States realized not only that part of the judgment to which the government was entitled, but received the whole amount, including the claimant’s commission. For this last they are, therefore, liable to him as for money had and received to his use. It would work great injustice if it were otherwise, and if the claimant could be deprived of his well-earned commissions by the mere manner in which payment was accepted by the Secretary of the Treasury.
We hold that the claimant is entitled to recover the sum of $2,100.15 on the first cause of action, which is the extent of his claim as set forth in the petition.
*264 The second cause of action is for the sum of $1,000, certified by the judge of the circuit court of the United States for the fifth circuit and district of Louisiana, under the provisions of section 827 of the Revised Statutes, to be the proper compensation to the claimant for appearing, by direction of the Secretary of the Treasury, and defending one Burbridge, a special agent of the Treasury Department under the Abandoned and captured property Act (12 Stat. L., S20), in a suit instituted against him in that court for acts done by him in the performance of his official duty as such agent. That section is as follows:
“ Sec. 827. When a district attorney appears by direction of the Secretary or Solicitor of the Treasury, on behalf of any officer of the revenue in any suit against such officer, for any act done by him, or for the recovery of any money received by him and paid into the Treasury in the performance of his official duty, he shall receive such compensation as may be certified to be proper by the court in which the suit is brought, and approved by the Secretary of the Treasury.”
The counsel for the United States raises the question whether or not a special agent under the captured and abandoned property act was an “officer of the revenue,” for'whose defense the Secretary of the Treasury had authority to direct the employment of the district attorney, and it is claimed that if the court-finds he was not such an officer then the claimant cannot recover for defending him.
We do not deem it necessary under the circumstances of this claim to define the meaning of the expression “ officers of the revenue,” or to determine whether or not Burbridge was such an officer within the strict and exact signification of the words. It is by no means clear that he did not come within the spirit and even within the letter of the statute. But whether he did or not, that question, so far as the employment of the claimant and his right to compensation are concerned, had been settled by the action of the Secretary of the Treasury and the circuit court of the United States before this suit was commenced, and, in our opinion, the defense now interposed in that regard is not at this time open to the defendants.
The Secretary of the Treasury directed the employment of the claimant to undertake the defense of Burbridge as an officer of the revenue; the judge of the circuit court of the United States in Louisiana so construed his employment and made a *265 certificate of tbe proper compensation to be paid to him, as required by Kevised Statutes, § 827; the Treasury Department, through the Solicitor of the Treasury, approved the claim, and the secretary, acting through his assistant, making no objection to its validity, declined to pay it for the sole reason that the appropriation applicable to its payment was exhausted.
It is no defense in this court to a valid claim that Congress has omitted to make an appropriation to meet its payment, as we have repeatedly shown in former cases. (Collins's Case, 15 C. Cls. R., 35; Parsons’s Case, ib., 246.)
The claimant acted in good faith, and in our opinion is entitled to recover the sum of one thousand dollars, as certified by the judge of the circuit court.
Judgment will be entered in favor of the claimant on the two causes of aciion for the sum of $3,100.15.