Newell M. HARGETT, Plaintiff,

v.

Arthur E. SUMMERFIELD et al., Defendant.

Civ. A. No. 4009–55.

United States District Court District of Columbia.

Feb. 6, 1956.

John R. Foley, Washington, D. C., for plaintiff.

Leo A. Rover, U. S. Atty., Frank H. Strickler, Asst. U. S. Atty., Washington, D. C., for defendant.

McGARRAGHY, District Judge.

Plaintiff is Postmaster of the first class at Maysville, Kentucky. He was appointed by the President in 1949, and is still serving in that capacity. On June 12, 1954, plaintiff was notified by the Post Office Department of proposed action to separate him from his position or take other disciplinary action. The letter charged inefficiency and failure to devote eight hours a day to the plaintiff's job of postmaster, as required by Post Office Department regulations. Accompanying the notice of proposed action were lists of alleged irregularities which were the basis for the charges against plaintiff. On June 21, 1954, plaintiff replied to the charges. On August 16, 1954, plaintiff was notified by an Assistant Postmaster General that "After consideration of the evidence submitted, including your reply, it has been decided that the charges have been sustained. You will be removed as postmaster at Maysville, effective thirty days from the receipt of this letter or as soon thereafter as your successor can be installed."

Plaintiff appealed the decision of the Post Office Department to the Sixth United States Civil Service Regional Office, and subsequently there was a hearing in which plaintiff appeared and participated. By letter of November 23, 1954, plaintiff was informed by the Regional Office that the action of the Post Office Department had been sustained. Plaintiff then appealed to the United States Civil Service Commission which, through the Board of Appeals and Review, affirmed the action of the Regional Office and the Post Office Department, saying:

"The Commissioners have given careful consideration to your case including the information developed during the processing of the appeal in the Regional Office and the information submitted subsequent to the Regional Office decision. As a result of this review, the Commissioners have found that the removal action by the Post Office Department is procedurally valid and that the charges preferred in the June 12, 1954, notice of proposed action are sustained by the evidence and show just cause for the discharge action.

"An examination of the evidence concerning Charge No. 1 discloses that out of thirty-eight irregularities set forth in the June 12, 1954, irregularity letter, sixteen are sustained in full (Nos. 8, 9, 21, 24, 27, 29, 33, 36, 46, 51, 68, 75, 76, 79, 93 and 101), ten are sustained in part (Nos. 3, 14, 58, 66, 67, 72, 74, 92, 95 and 98), and the remainder are not sustainable. In regard to the custodial inspection letter of June 12, 1954, it has been found that three of the irregularities charged are fully sustained (Nos. 7, 14 and 17), two are partially sustained (27 and 22), and the remainder are not sustainable. The second specification in Charge No. 1, concerning the postal account cashbook and the main stamp stock, was found not sustainable. On the basis of the foregoing, the Commissioners have determined that the charge of inefficiency is sustained."

Plaintiff thereafter applied to the Civil Service Commission to reopen and reconsider the decision of the Board of Appeals and Review, which application was denied.

The cause then came on for hearing on cross-motions for summary judgment.

Plaintiff bases his motion for summary judgment on two grounds: First, that inasmuch as he was appointed by the President, he can be removed only by the President; and second, that plaintiff is entitled to a complete judicial review of his removal, by virtue of the Administrative Procedure Act, Title 5, United States Code, § 1009, 5 U.S.C.A. § 1009.

### May Only the President Remove Plaintiff?

Plaintiff contends that under Myers v. United States, 272 U.S. 52, 47 S.Ct. 21, 71 L.Ed. 160, only the President may remove him. The Myers case was decided before enactment of Title 39, United States Code, §§ 31a and 31b, June 25, 1938, c. 678, 52 Stat. 1076, 39 U.S.C.A. §§ 31a, 31b. The statute in force at that time, 19 Stat. 80. Title 39 U.S.C. § 31, as amended, 39 U.S.C.A. § 31, read:

"Postmasters of the first, second, and third classes shall be appointed and may be removed by the President by and with the advice and consent of the Senate, and shall hold their offices for four years unless sooner removed or suspended according to law; * * *."

The status of postmasters in these three classes was substantially changed by the 1938 Act, § 31a of which provides:

"Postmasters of the first, second, and third classes shall hereafter be appointed in the classified service without term by the President by and with the advice and consent of the Senate: * * *."

Sec. 4 of the Act of June 25, 1938, 52 Stat. 1076, 39 U.S.C.A. § 31a note, repealed all acts inconsistent with the provisions of §§ 31a and 31b.

Plaintiff concedes that he is a member of the classified civil service and, while he accepts the benefits of such classification, he refuses to accept its procedures for removal. Plaintiff attempts to establish a unique classification for himself, one which finds no basis in law.

■ The provisions of the Veterans' Preference Act, 5 U.S.C.A. § 851 et seq., are specifically held to be applicable to persons holding office as Postmasters of the first, second and third class. Title 5, United States Code, Sec. 869, 5 U.S.C.A. § 869. Thus under plaintiff's theory, while the requirements of the Veterans' Preference Act are applicable, they could not effect his removal; that removal must come from the President. In my opinion, by providing that persons occupying positions similar to that of plaintiff are entitled to benefits of the Veterans' Preference Act, it must be concluded that Congress intended this to be the proper machinery for removing plaintiff.

■ Further, I am in agreement with the Conclusion of Law filed by Judge Pine in his ruling on the plaintiff's motion for a preliminary injunction, namely, that "the removal of plaintiff as postmaster of the first class by the Postmaster General is presumed in law to be the act of the President."

This view finds authority in United States v. Farden, 99 U.S. 10, 19, 25 L.Ed. 267, where the court said:

"Under the Tenure-of-Office Act the President had the power at that time, which was during the recess of the Senate, to suspend the collector until the next session of the Senate, and the act of the Secretary, the head of the Treasury Department" (in effect suspending the collector) "is presumed to be the act of the President. Wilcox v. Jackson, 13 Pet. 498 [10 L.Ed. 264]."

To this same general effect, see also In re Confiscation Cases, 20 Wall. 92, 22 L.Ed. 320; Updegraff v. Talbott, 4 Cir., 221 F.2d 342, 346, and collection of cases cited therein.

The first ground for summary judgment advanced by plaintiff is without merit.

### Is Plaintiff Entitled to a Judicial Review Under the Administrative Procedure Act

The element of judicial review is thoroughly discussed in Carter v. Forrestal, 85 U.S.App.D.C. 53, 54, 175 F.2d

364, 365, certiorari denied 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507, where the court said:

"Section 14 of the Veterans' Preference Act of 1944, upon which appellant relies, authorizes the discharge of veteran employees 'for such cause as will promote the efficiency of such service.' There is no definition in this statute or the Civil Service Commission regulations as to what constitutes 'such cause as will promote the efficiency of such service.' The language is derived from Section 6 of the Act of August 24, 1912, 5 U.S.C.A. § 652, 37 Stat. 555, which is a general statute relating to the discharge of employees from the classified service. In the many cases arising under that statute, the courts have uniformly held that *the administrative determination by the employing agency of what constitutes cause for discharge will not be judicially reviewed.* * *

"The appellees have determined that appellant's discharge will promote the efficiency of the service. *This administrative action has been appealed to the final authority designated by Congress to rule upon his discharge, and is not subject to judicial review.* Appellant's effort to secure a judicial review of what constitutes 'a cause that will promote the efficiency of the service' falls directly within the scope of the rule relating to the review of discharges under the Act of 1912. His resort to the courts is in derogation of the rule which restrains judicial interference in the exercise of executive discretion." (Italics supplied.)

■ The action of the Postmaster General in removing plaintiff from his position was a matter committed to his sound discretion, and plaintiff has been accorded all the procedural rights to which he is entitled. There is nothing in § 10 of the Administrative Procedure Act which provides for a review such as plaintiff seeks. Alley v. Craig, D.C., 97 F.Supp. 576.

■ Moreover, the record before me indicates there was substantial evidence to sustain the action of the Post Office Department in dismissing plaintiff, in the interest of promoting the efficiency of the Post Office Department; there is nothing in the record to indicate in any way that the action below was arbitrary or capricious.

The motion of the plaintiff for summary judgment is denied, and the cross-motion of the defendants for summary judgment is granted.

Counsel for defendants will submit an order in accordance with this memorandum.